UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM KRAMER & ASSOCIATES, LLC,

    Plaintiff,

v.                                                          Case No. 8:08-cv-640-T-24 MAP

UNITED STATES OF AMERICA, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 7) and Plaintiff's response thereto (Doc. No. 12). Both parties filed reply briefs and supplemental briefs. (Doc. No. 16, 21, 26, 27).

**I. Background**

Plaintiff William Kramer & Associates, LLC ("WKA") is an independent property insurance claims adjusting firm. In 2005, following Hurricane Wilma, WKA retained Robert Hardy to provide temporary adjusting services for WKA. Hardy provided such services from November 2005 through April 2006.

WKA did not withhold any taxes from Hardy's compensation, believing that Hardy was an independent contractor. After Hardy terminated his services for WKA, he filed a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, claiming that he was an employee of, rather than an independent contractor for, WKA. In December of 2006, the IRS's SS-8 Unit determined that Hardy was an employee of WKA. WKA requested reconsideration, and on May 25, 2007, the IRS concluded that it was

maintaining its position that Hardy was an employee of WKA. In the letter containing the IRS's SS-8 Unit's determination, WKA was informed that the SS-8 Unit would not calculate a balance of additional tax due as a result of its finding that Hardy was an employee.

Thereafter, on July 30, 2007, WKA filed Form 941, Employer's Quarterly Federal Tax Return, for the quarter ending June 30, 2007, along with Form 941c. The Form 941c reflected an additional employer's share of social security tax and Medicare tax (collectively referred to as "FICA tax") for the quarter ending December 31, 2005 due to the IRS' characterization of Hardy as an employee. WKA calculated the additional FICA tax as being $582.24 (which consisted of the employer's share, but did not include the employee's share, of such tax), and it paid this amount under protest.

On August 20, 2007, WKA filed Form 843, Claim for Refund and Request for Abatement ("2007 Claim for Refund"). (Doc. No. 13, Ex. C). During the time that WKA's 2007 Claim for Refund was pending, the IRS did not indicate that any additional FICA tax was due as a result of Hardy's characterization as an employee.

On March 17, 2008, after the six month review period for WKA's 2007 Claim for Refund, Defendant assessed an additional employment tax liability of $1,371.73, consisting of $1,164.48 for the employer and employee's share of FICA tax, plus $207.25 in interest. (Doc. No. 12, Ex. A). Thereafter, on April 4, 2008, WKA filed the instant case for a refund of the $582.24 it had paid, plus interest. Additionally, WKA requests in the complaint that the Court determine and declare that Hardy was an independent contractor, rather than an employee, during the entire time that he provided services to WKA.

In May of 2008, WKA paid, under protest, the additional amount that the IRS claimed

was due. (Doc. No. 12, Ex. A). On June 30, 2008, WKA filed an amended Form 843, Claim for Refund and Request for Abatement ("2008 Amended Claim for Refund"), in which it sought the entire amount that it had paid. (Doc. No. 12, Ex. F). On August 4, 2008, the IRS refunded $1,164.48 of the disputed FICA tax, plus interest and penalties. (Doc. No. 21, Ex. B). On October 6, 2008, the IRS submitted an affidavit stating that it is in the process of crediting the remaining $582.24 sought in WKA's 2008 Amended Claim for Refund, plus interest. (Doc. No. 27: Dengler affidavit).

## II. Motion to Dismiss[1]

Defendant argues that WKA's failure to pay the entire amount of FICA tax attributable to Hardy prior to filing this suit precludes subject matter jurisdiction. Additionally, Defendant argues that this Court is without authority to issue the requested declaratory relief regarding Hardy's employment status. This Court agrees.

### A. Amount Paid

Generally, in order for a district court to have subject matter jurisdiction over a tax refund claim, the plaintiff must have paid the entire amount of the assessed tax. See Flora v. U.S., 362 U.S. 145, 146 (1960); Horne v. U.S., 519 F.2d 51, 52 (5th Cir. 1975). There is an exception to this rule when divisible taxes are imposed, such as penalties under 26 U.S.C. § 6672[2] and excise taxes. See Flora, 362 U.S. at 176 n.38; Boynton v. U.S., 566 F.2d 50, 53 (9th

---

[1] This Court previously ruled on part of Defendant's motion to dismiss, but it specifically deferred ruling on the issue of the effect on this Court's subject matter jurisdiction of WKA's failure to pay the entire amount of FICA tax attributable to Hardy prior to filing suit. (Doc. No. 23).

[2] Section 6672 provides: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the

Cir. 1977); <u>Steele v. U.S.</u>, 280 F.2d 89, 91 (8th Cir. 1960); <u>Bell Capital Management, Inc. v. U.S.</u>, 100 A.F.T.R.2d 2007-6484, at *2007-6487 (N.D. Ga. October 9, 2007).

The parties dispute how the divisible tax exception would apply in this case. Defendant argues that the divisible tax exception only divides taxes at the employee level–thus, if an employer was assessed a penalty for failing to pay taxes for several employees, the employer would only have to pay the penalty attributable to one employee in order to satisfy the exception to the full payment rule. Therefore, Defendant argues that WKA must pay the entire amount of FICA tax attributable to Hardy.

WKA, on the other hand, contends that the FICA tax relating to Hardy that Defendant claimed were due is a divisible excise tax. Specifically, WKA contends that the FICA tax at issue can be divided into four separate taxes: (1) the employer's social security tax (imposed pursuant to 26 U.S.C. § 3111(a)), (2) the employer's Medicare tax (imposed pursuant to § 3111(b)), (3) the employee's social security tax (imposed pursuant to 26 U.S.C. § 3101(a)), and (4) the employee's Medicare tax (imposed pursuant to § 3101(b)). Further, WKA points out that the employer's share of the FICA tax is specifically referred to as an excise tax in § 3111.

The only case that the parties and this Court could find that specifically addresses the issue of the divisibility of employment taxes is <u>Bell Capital Management, Inc.</u>[3] In <u>Bell Capital</u>, there was a dispute regarding the classification of professional fees paid to an employee. <u>See id.</u> at *2007-6485. The IRS contended that the taxpayer owed $15,200 in additional employment taxes relating to that employee for the fourth quarter of 2001, which consisted of both FICA tax

---

payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

[3]The Westlaw citation is 2007 WL 4180124.

and income tax withholdings.  See id. at *2007-6488, n.2. The taxpayer paid $7,560 (the amount the taxpayer calculated to be the additional FICA tax that would be due as a result of the reclassification of the professional fees[4]) and then submitted a claim for refund for that amount. See id. at *2007-6485 and *2007-6488, n.4.  The IRS denied the claim for refund, and the taxpayer filed suit.  See id. at *2007-6485.

The United States moved to dismiss the case, arguing that the Bell Capital court lacked subject matter jurisdiction due to the taxpayer's failure to pay the entire disputed amount of the tax–$15,200.  See id.  The taxpayer attempted to argue that the employment taxes attributable to the employee were divisible, and as such, the court had subject matter jurisdiction.  See id. at *2007-6487.  The court rejected the argument that taxes attributable to a single employee could be divisible, stating that "the smallest division recognized in all cases allowing [the divisible tax] exception has been down to the level of one employee."  Id. (citation omitted).

This Court agrees with the Bell Capital court and notes that WKA has failed to cite any cases in which the divisible tax exception was applied to divide the employment taxes attributable to a single employee.  Accordingly, this Court lacks subject matter jurisdiction over WKA's refund claim, because it did not pay the entire amount of the disputed FICA tax attributable to Hardy prior to filing suit.

WKA argues that since it paid the remainder of the FICA tax attributable to Hardy in May of 2008 (after it filed this suit), it now satisfies the full payment rule and the Court has subject matter jurisdiction over the case.  The Court disagrees.

---

[4]The IRS and taxpayer calculated the amount of the FICA tax differently, with the IRS calculating the amount to be $1,450 and the taxpayer calculating the amount to be $7,650.  See Bell Capital, 100 A.F.T.R.2d at 2007-6488, n.2 & n.4.

5

The full payment of the disputed amount of the tax must be paid *prior* to filing suit. Failure to do so cannot be cured by making the full payment after the case is filed. See Church of Scientology of Colorado v. U.S., 499 F. Supp. 1085, 1088 (D. Col. 1980); Rutherford v. U.S., 528 F. Supp. 167, 169 (W.D. Tx. 1981), rev'd on other grounds, 702 F.2d 580 (5th Cir. 1983); Estate of Whiteman v. U.S., 1989 WL 109096 (D. Idaho Mar. 28, 1989). This is because, generally, the existence of subject matter jurisdiction depends on facts as they exist at the time that the complaint is filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). As such, WKA cannot simply pay the remaining disputed amount and then seek leave to amend the complaint. See id. at 830-31. Accordingly, since WKA failed to pay the entire amount of the disputed FICA tax attributable to Hardy prior to filing suit, this Court lacks subject matter jurisdiction over WKA's refund claim.

### B. Declaratory Relief

In its complaint, WKA also seeks declaratory relief in the form of the Court declaring that Hardy was an independent contractor, rather than an employee, during the entire time that he provided services to WKA. However, the Declaratory Judgment Act prohibits the Court from issuing such declarative relief. 28 U.S.C. § 2201. Specifically, the Act states that courts cannot declare the rights of parties with respect to federal taxes (except for actions brought to determine the status or classification of organizations under § 501(c)(3)). 28 U.S.C. § 2201(a). The requested declaratory relief in this case relates to federal taxes, and as such, the Court cannot issue such relief. See Hunsucker v. Phinney, 497 F.2d 29, 36 (5th Cir. 1974)(finding that the court lacked the requisite amount in controversy for diversity jurisdiction over the plaintiff's claim that certain documents that he contended were illegally seized could not be used against

him in any civil proceedings instituted by the IRS, because the only way to satisfy the jurisdictional amount was to consider the threatened $36,000 tax assessment); <u>Melton v. Kurtz</u>, 575 F.2d 547, 548 (5th Cir. 1978)(stating that the Declaratory Judgment Act bars declaratory relief in actions involving federal taxes); <u>Horne v. U.S.</u>, 519 F.2d 51, 52 (5th Cir. 1975)(stating that a declaratory judgment cannot be issued in a tax case). Accordingly, this Court lacks subject matter jurisdiction over WKA's claim for declaratory relief.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that to the extent that the Court deferred ruling on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 23), the motion is **GRANTED**, as the Court lacks subject matter jurisdiction over WKA's refund claim and is without authority to issue the requested declaratory relief. Therefore, the Clerk is directed to close this case and to terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record